# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **MAXON HARVEY MORGAN** | **CIVIL ACTION NO. 06-0702** |
| **VS.** | **SECTION P** |
| **UNITED STATES OF AMERICA** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed *in forma pauperis* on or about April 24, 2006 by *pro se* petitioner Maxon Harvey Morgan, Federal Prisoner Number 23980-034. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is currently incarcerated at the Federal Corrections Center, Yazoo City, Mississippi (FCCYC). However, he complains that he has been wrongfully charged with a crime in this District; he also contends that he was wrongfully assigned to the Special Housing Unit (SHU) while he was a prisoner at the Federal Corrections Center, Oakdale, (FCCO) Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### *Statement of the Case*

On April 24, 2006 petitioner filed a "Motion to Dismiss Indictment" seeking the dismissal of an "indictment and charges . . . pending in the Western District of Louisiana". He claimed that on June 21, 2002, he was placed in administrative segregation while he was an inmate at FCCO. He asked the court to "dismiss the charges . . . held against the petitioner in violation of

petitioner's constitutional rights". [doc. 1-1].

Because this pleading was not in proper form, petitioner was directed to amend his petition to conform to the local rules of court.[1] [doc. 4]. On June 15, 2006 petitioner amended his petition by submitting his claims on the proper form. [doc. 5-1]. His amended complaint provided no specifics regarding his *habeas corpus* claims, however, he did file a more thorough statement of his claims in a Memorandum filed in conjunction with the petition. Therein he alleges that he is actually innocent of the "escape case that he is being accused of." [doc. 5-2, p. 1]. He further claims his "rights to be free from entrapment and malicious prosecution" are being violated and alleges that this situation about which he complains has been going on since June 21, 2003. [*id.*].

Specifically, petitioner claims that in September 2002, an agent of the Federal Bureau of Investigation (FBI) named Joe Duenez, along with BOP agents Rolland Jimenez and Lt. Greer "solicited the Petitioner . . . to help them set-up and bust Officer Dwayne Williams". [*id.*, p. 2]. Petitioner further claims that in return for his assistance he was to receive a reduction in sentence and be released from custody within two years of September 2002. Petitioner claims that he did what he was told to do, with the exception of his refusal to plant heroin in Williams' gym bag. According to petitioner Officer Williams was fired as a result of his actions. [*id.*].

Petitioner further claims that sometime in 2003, he telephoned FBI Agent Duenez; petitioner was instructed to seek more information at FCCO and, if his efforts were successful, petitioner would be "sent home." [*id.*]. Inmates Lara and Morales approached petitioner and told him about their plans to escape. Petitioner and another inmate, Donaciano Rojas, "went along" with the escape plot and then contacted an attorney named Lahey to ensure protection of their right to be

---

[1] See LR3.2W which provides in part, "Every complaint filed by a prisoner who is not represented by an attorney ... or for a writ of habeas corpus filed under 28 U.S.C. §2241 ... shall be typed or legibly written on forms supplied by the Court..."

released under Rule 35 for their cooperation in foiling the escape attempt. According to petitioner, Lahey contacted Agent Duenez who assured him that petitioner and inmate Rojas would be protected and obtain early release because of their assistance. [*id.*]

Instead, petitioner was accused of being a participant in the escape plot. He was denied a reduction in sentence and placed in the Special Housing Unit (SHU) in FCCO from June 21, 2003 – June 24, 2004 and again from July 8, 2004 – September 20, 2005. He also claims that he was then transferred to the SHU at the Federal Corrections Center, Beaumont, Texas from September 20 – November 23, 2005 and then transferred to the SHU at the Federal Corrections Center Yazoo City from January 17, 2006 to the present. [*id.*, p. 3]. Petitioner claims that his confinement to the SHU is the result of his involvement in the foiled escape plot. [*id.*].

He claims: (1) that his due process rights have been violated because he has been in SHU in three different institutions for over 34 months and prison authorities have not filed an incident report or rule violation with regard to his case; (2) that his equal protection rights were violated when inmates Morales and Lara were afforded all of the rights that petitioner was denied; and, (3) that his right to be free from entrapment and malicious prosecution were denied. [doc. 5-2, pp. 3-7].

He prays for his "release to the general population" and expungement of the escape charge from his record; that all pending charges be dismissed because of the respondent's failure to bring petitioner to trial within 180 days of petitioner's request for a speedy trial; that petitioner's sentence be reduced and that petitioner be released from custody; and, that BOP be enjoined from retaliating, discriminating, and treating petitioner unfairly. [*id.*, p. 8]. Petitioner claims that he exhausted available administrative remedies prior to filing suit. However, he claims that BOP agents at FCCYC have seized all of his legal papers and therefore he cannot prove exhaustion. [doc. 5-2, p. 2]

*Law and Analysis*

Petitioner is a prisoner in the custody of the BOP. He is presently incarcerated at the FCCYC, and he was incarcerated at that institution when this petition was filed. He has filed his petition pursuant to the general *habeas corpus* provisions of 28 U.S.C. §2241 and has prayed (1) for his immediate release from FCCYC's SHU to the general population; (2) for the dismissal and expungement of an escape charge that he claims has been filed against him;[2] (3) that his sentence be reduced and that he be released from custody; and (4) that BOP be enjoined from retaliating, discriminating, and treating him unfairly. [*id.*, p. 8]

28 U.S.C. § 2241 confers upon federal courts the authority to grant writs of *habeas corpus* only "within their respective jurisdictions." 28 U.S.C. § 2241. Under current Fifth Circuit law, the district of incarceration is the <u>only</u> district that has jurisdiction to entertain a petitioner's §2241 petition. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (A petition for *habeas corpus* filed under § 2241 "attacks the manner in which a sentence is carried out," and must be filed in the district with jurisdiction over the prisoner or his custodian. (citations omitted))

On or about March 28, 2006, approximately one month before he filed the instant petition, Morgan filed a similar claim in a §2241 petition in the United States District Court for the Southern District of Mississippi. See *Maxon Harvey Morgan v. Constance Reece, Warden*, *FCC Yazoo City*, No. 5:06-cv-00045. In that petition Morgan attacked not only his original conviction in the Eastern District of Louisiana [see *Morgan v. Reece* at doc. 1, Grounds One, Two, and Three], but also contested the circumstances of his continued custody at FCCYC by alleging facts identical to those

---

[2] Petitioner also prays for an order dismissing and expunging escape charges which he claims are pending against him. He claims that he is entitled to this relief because the government has failed to bring him to trial expeditiously. The undersigned has searched the records of this court (where such criminal charges would be pending) and found no criminal charges are pending against the petitioner in the Western District of Louisiana.

alleged in the instant petition. [*id*., Ground Four]

Ordinarily, the undersigned would recommend transfer of a petition simply filed in the wrong venue, however, the Fifth Circuit has made it clear that this is not simply a question of venue – this court lacks jurisdiction to entertain petitioner's *habeas corpus* petition. *See Lee, supra.* That being the case, and in light of petitioner's previously filed and still pending *habeas corpus* petition in the United States Court for the Southern District of Mississippi, dismissal is recommended. Accordingly,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of the Court. Timely objections will be considered by the district judge prior to a final ruling.

**Failure to file written objections to the proposed findings and recommendations contained within this report within ten (10) business days from the date of its service shall bar an aggrieved party from attacking on appeal, except upon grounds of plain error, the un-objected to proposed factual findings and legal conclusions accepted by the district court.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 10, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE